IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY SCOTT DEAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-036 |
| | ) | |
| STANLEY WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Georgia State Prison in Reidsville, Georgia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 that is before the Court on Respondent's motion to dismiss for lack of exhaustion. (Doc. no. 9.) Because the petition asserts claims not exhausted in state court, the Court **REPORTS AND RECOMMENDS** the motion to dismiss be **DENIED**, and this action be **STAYED AND HELD IN ABEYANCE** while Petitioner exhausts his state remedies. The Court should order Petitioner to commence state proceedings within thirty days of the stay entry, file a notice of compliance concerning commencement within thirty days of the stay entry, and move to lift the stay within thirty days of completing state exhaustion in the event the state courts determine Petitioner is not entitled to relief.

**I.    BACKGROUND**

On December 15, 2011, a jury in the Superior Court of Columbia County, Georgia, found Petitioner guilty on two counts of child molestation involving his adopted daughter,

Silda Dean. Attorney Pete Theodocian represented Petitioner during the trial. Silda testified that on one occasion when she was fifteen years of age, Petitioner came into her room at night, lay down next to her in the bed, and touched her genitals. (Doc. no. 10-7, pp. 28-30, Tr. ("R") pp. 243-46, 251.)) On another occasion, she testified, Petitioner walked into her bathroom wearing a towel, uncovered his penis, and told her he wanted to have sex with her. (Doc. no. 10-7, p. 33, R. 248.) Silda claimed Petitioner treated her older sister Marline "like she was his girlfriend or his wife," and routinely kissed Marline on the mouth. (Doc. no. 10-7, p. 43, R. 258.) Marline testified Petitioner never touched her inappropriately, never attempted to have sexual intercourse with her, and never attempted to crawl into bed with her. (Doc. no. 10-6, pp. 2-4, R. 166-68.) Petitioner took the stand and denied Silda's allegations. (Doc. no. 10-8, pp. 31-33, R. 398-400.)

The jury also heard testimony from two sisters who accused Petitioner of inappropriate sexual conduct during a childhood sleepover in June 1984, when Petitioner was fourteen years old. Mrs. Auburn Kennell testified Petitioner awakened her during the night and forcibly placed her hands down his pants. (Doc. no. 10-5, p. 143, R. 143.) Her sister, Mrs. Amber Shuman, testified Petitioner awakened her the same night and fondled her, forcibly placed her hands on his genitals, and ejaculated on her. (Doc. no. 10-5, pp. 155-56, R. 155-56.) District Attorney Ashley Wright testified at trial as a rebuttal witness concerning a conversation with Marline. (Doc. no. 10-8, p. 143, R. 503.)

2

The jury found Petitioner guilty on both counts of molesting Silda. On January 27, 2012, the Honorable James G. Blanchard, Jr., sentenced Petitioner to twenty years of imprisonment and ten years of probation. Petitioner filed his motion for new trial on February 24, 2012, and at the hearing held on June 15, 2012, Mr. Theodocian argued the trial court erred in: (1) admitting evidence of the childhood sleepover incidents because they were too distant in time; (2) admitting evidence of Petitioner's physical relationship with Marline; and (3) refusing to admit Marline's testimony Silda falsely accused her biological father of drowning her twin brother. (Doc. no. 10-10, pp. 3-20, R. 575-92.) The court denied Petitioner's motion for new trial. (Doc. no. 10-10, p. 31, R. 603.) Mr. Theodocian filed a direct appeal, and the Court of Appeals affirmed Petitioner's convictions on May 7, 2013. Dean v. State, 742 S.E.2d 758, 759-62 (Ga. App. 2013).

On February 6, 2013, while Petitioner's direct appeal was pending, Silda mailed a letter to Mr. Theodocian admitting she committed perjury. (Doc. no. 10-11, pp. 70-72, R. 801-04.) On March 19, 2013, by way of sworn affidavit, Silda stated, "In December of 2011, I testified in Columbia County Superior Court against Scott Dean. The testimony I gave the Court was not true. Scott Dean did not touch my private parts and he did not expose himself to me." (Doc. no. 10-11, p. 63, R. 795.)

On June 21, 2013, Mr. Theodocian filed a state habeas petition in the Superior Court of Tattnall County arguing Petitioner was entitled to relief because he was convicted based

3

solely on perjured testimony, in violation of his due process rights under both the Constitution of the State of Georgia and the United States Constitution. (Doc. no. 10-1, pp. 1-5.) On September 18, 2013, while the state habeas petition was pending, Mr. Theodocian filed an extraordinary motion for new trial raising the same ground for relief as Petitioner's state habeas petition. (Doc. no. 10-11, pp. 76-80, R. 808-12.)

Judge Blanchard conducted a hearing on Petitioner's extraordinary motion for new trial on October 4, 2013. Silda recanted her trial testimony and testified Petitioner never touched her genitals, never asked her to have sex, and never did anything inappropriate to her. (Doc. no. 10-11, pp. 13-18, R. 745-50.) Silda explained she falsely accused Petitioner because she wanted to leave Petitioner's home and get away from Petitioner's wife, Renee Dean. (Doc. no. 10-11, pp. 16-17, R. 748-49.) On October 31, 2013, Judge Blanchard denied Petitioner's motion, finding Silda's recantation an insufficient basis to grant a new trial because Silda had not been convicted of perjury. (Doc. no. 10-11, p. 87, R. 819.) The court explained as follows: "At core, the recanting witness has not been convicted of perjury, therefore Mr. Dean has not shown that his guilty verdict should have been set aside pursuant to O.C.G.A. § 17-1-43. . . . Georgia statutes mandate the setting aside of such a verdict 'when the judgment could not have been obtained without the perjured evidence and *the perjurer has been duly convicted thereof.*'" (R. 817 (quoting Nations v. State, 717 S.E.2d 634, 637 (Ga. 2011).) Petitioner did not appeal the denial of his extraordinary motion for new

trial. (Doc. no. 10-11, pp. 83-87, R. 815-19.)

On December 18, 2013, the Superior Court of Tattnall County conducted an evidentiary hearing on Petitioner's state habeas petition. (Doc. no. 10-5, pp. 1-5, R. 1-5.) Mr. Theodocian explained he did not appeal the adverse ruling on Petitioner's extraordinary motion for new trial because "there would be no chance of [it] being granted based on the case law as it stands." (Doc. no. 10-5, p. 12, R. 12.) Silda testified and again recanted her trial testimony. (Doc. no. 10-5, pp. 24-30, R. 24-30.) By order entered on November 10, 2014, the state habeas court denied relief, finding Petitioner's due process claim based on Silda's recantation "not cognizable in habeas corpus" because state habeas corpus does not serve as another adjudication of the question of guilt or innocence. (Doc. no. 10-2.)

On December 2, 2014, Petitioner retained new counsel to replace Mr. Theodocian who represented Petitioner at trial, on direct appeal, at the extraordinary motion for new trial, and during the state habeas proceedings. (Doc. no. 5, p. 10.) On the same day, new counsel moved the state habeas court to vacate its final order and grant leave to add new claims alleging Mr. Theodocian was ineffective because he failed to (1) explain to Petitioner that continued representation beyond trial precluded assertion of ineffective assistance claims because Mr. Theodocian could not raise such claims against himself, and (2) object to the District Attorney's trial testimony. (Doc. no. 10-3, pp. 19-21.) The state habeas court denied the motions to vacate and amend on December 4, 2014. The order denying the motion is

5

absent from the record.

On December 10, 2014, Petitioner filed his application for a certificate of probable cause seeking authorization to appeal the state habeas court's final order. (Id. at 5.) In his application, Petitioner argued the state habeas court erred in permitting Mr. Theodocian to represent Petitioner and by denying leave for new counsel to add ineffective assistance of counsel claims. (Id. at 2-7.) On May 11, 2015, the Supreme Court of Georgia denied Petitioner's application. (Doc. no. 10-4.)

Petitioner filed the instant federal petition on March 22, 2016, raising the following grounds for relief:

I. Petitioner is actually innocent and actual innocence can be used to overcome any procedural default of claims asserted in the § 2254 petition. Furthermore, Petitioner is asserting actual innocence as an independent, freestanding claim. (Doc. no. 1, pp. 12-13.)

II. Petitioner's due process rights have been violated because his conviction relies on perjured testimony. The trial court's decision to deny Petitioner a new trial because the victim has not been convicted of perjury violates Petitioner's due process rights because it divests the judiciary of authority to grant relief. (Id. at 13-14.)

III. Ineffective Assistance of Counsel

   A. Trial counsel rendered ineffective assistance when he did not raise the due process violation regarding perjured testimony in the extraordinary motion for new trial, failed to appeal the denial of the extraordinary motion for new trial to the Georgia Court of Appeals, and failed to raise the due process claim in state habeas. (Id. at 16.)

> B. Trial counsel rendered ineffective assistance when he failed to inform Petitioner that his continued representation beyond trial would preclude Petitioner from later raising a claim of ineffective assistance of counsel. Trial counsel should have disclosed to Petitioner that his continued representation through the state habeas proceedings would preclude Petitioner from raising ineffective assistance of counsel claims. (Id.)
>
> C. Trial counsel was ineffective when he failed to object to the trial testimony of District Attorney Ashley Wright that the victim was "a victim of child molestation." (Id. at 17.)

Respondent moved to dismiss because Petitioner's ineffective assistance of counsel claims are unexhausted. (Doc. no. 9, p. 2.) Petitioner concedes his ineffective assistance claims are unexhausted, but argues he cannot bring a successive state habeas petition, his alleged actual innocence overcomes any exhaustion deficiencies, and there is no reason to delay federal habeas proceedings by requiring him to return to the state courts. (Doc. no. 11, p. 5.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available

procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in

state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

> **B. Because Petitioner Has Unexhausted Claims for Ineffective Assistance of Counsel and a Colorable Argument for Filing a Successive State Petition, This Court Must Give the State Courts a Fair Opportunity to Hear These Claims.**

Petitioner argues he is not required to exhaust because a state successive habeas petition raising ineffective assistance of counsel claims is not available to him, and his alleged ability to prove actual innocence excuses his failure to exhaust. (Doc. no. 11, pp. 1-4.) Petitioner has a colorable argument for filing a successive state petition asserting his ineffective assistance claims, and actual innocence does not excuse the exhaustion requirement.

Under O.C.G.A. § 9-14-51, all grounds for relief not raised by a petitioner in his original or amended petition are waived unless: (1) the Constitution of the United States or the Georgia Constitution requires consideration of the claims, or (2) any judge to whom the petition is assigned finds the grounds for relief could not reasonably have been raised in the original or amended petition. There do not appear to be any Georgia Supreme Court cases authorizing a successive petition under the first exception based on a finding the United States Constitution or the Georgia Constitution requires consideration of a waived claim. See Donald E. Wilkes, Jr., The Great Writ Hit: The Curtailment of Habeas Corpus in Georgia Since

9

1967, 7 J. MARSHALL L.J. 429 (2014) ("There do not appear to be any Georgia Supreme Court cases where the first exception was found to authorize a successive petition."). As for the second exception, there is a colorable argument Petitioner has not waived his ineffective assistance of counsel claims and can assert them in a successive state petition because he could not have reasonably raised them in his original petition.

Under Georgia law, an attorney cannot assert ineffective assistance of counsel claims against himself. Wilson v. State, 686 S.E.2d 104, 108 (Ga. 2009) (citing Garland v. State, 657 S.E.2d 842 (Ga. 2008)). Consequently, new counsel must raise ineffective assistance of counsel claims at the first possible stage of post-conviction review. Hood v. State, 641 S.E.2d 88, 89 (Ga. 2007) ("[A]ny contention concerning the violation of the constitutional right of counsel should be made at the earliest practicable moment."); White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991). "A claim of ineffective assistance of trial counsel cannot be pursued unless trial counsel is no longer representing the convicted defendant. The claim must be pursued by post-conviction counsel or by the convicted defendant acting *pro se*." Hood, 641 S.E.2d at 89. Usually, ineffective assistance of counsel claims are raised when new counsel appears on behalf of the defendant. Upshaw v. State, 570 S.E.2d 640, 643 (Ga. App. 2002). A petitioner's failure to raise ineffective assistance of counsel claims on direct appeal and prior to a change of counsel is excused from the procedural default rule. See Gibson v. Head, 646 S.E.2d 257, 260 (Ga. 2007) (finding petitioner's conflict of interest claim was "automatically

exempt from the procedural default rule" because trial counsel served on direct appeal and was not expected to allege his own ineffectiveness).

No Georgia court has addressed whether a petitioner may raise, in a successive petition, ineffective assistance of trial counsel claims that could not have been raised in the first habeas petition because of trial counsel's continued representation. However, Georgia courts have suggested on several occasions that, if habeas counsel refuses to raise a constitutional issue in the first habeas petition despite the petitioner's request to do so, the petitioner can proceed on the merits of the claim in a successive petition because he could not have reasonably raised it in the original petition. See Tucker v. Kemp, 351 S.E.2d 196, 197-98 (Ga. 1987); Smith v. Zant, 301 S.E.2d 32, 34 (Ga. 1983). Citing these cases, Petitioner has a good faith argument under O.C.G.A. § 9-14-51 that he could not have reasonably raised his ineffective assistance claims during the first state habeas action because his habeas counsel could not raise these claims against himself.

As a matter of comity, the state courts must generally be afforded a fair opportunity to hear claims challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). State courts must be given the initial opportunity to consider and correct alleged violations of their prisoners' federal rights. Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose, 455 U.S. at 518-19). Requiring exhaustion protects the state court's role in the

enforcement of federal law and prevents disruption of state court proceedings.  Rose, 455 U.S. at 518.

This Court will defer to the state courts as the "principal forum for asserting constitutional challenges to state convictions."  Harrington v. Richter, 562 U.S. 86, 103 (2011).  Accordingly, the Court declines to presume Petitioner's claims are procedurally barred by O.C.G.A. § 9-14-51, and Petitioner must first present his unexhausted claims to the state courts before this Court can consider them.  See Collier v. Turpin, 177 F.3d 1184, 1196-97 (11th Cir. 1999) ("[Petitioner] parted ways with his defense team before filing his second state habeas petition, thus paving the way for new counsel to claim that [petitioner's] defense counsel rendered ineffective assistance . . . ."); Stephens v. Kemp, 846 F.2d 642 (11th Cir. 1988) (reciting that after new counsel amended federal habeas petition to include unexhausted ineffective assistance of counsel claims, district court dismissed petition in accordance with Rose).

### C. Petitioner's Claim of Actual Innocence Does Not Excuse His Obligation to Exhaust State Remedies.

Petitioner asserts his alleged actual innocence overcomes any procedural default of his ineffective assistance of counsel claims.  (Doc. no. 1, pp. 12-13.)  When a petitioner fails to properly exhaust his claims in state court and is barred from raising the claims by established and consistently applied procedural rules, the claims are procedurally defaulted.

Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). It is only once state remedies are no longer available that a petitioner's failure to exhaust properly ripens into procedural default. Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998). To determine whether a claim is procedurally barred, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999).

Here, as explained *supra*, Petitioner has a colorable argument for a merits determination of his ineffective assistance of counsel claims in a successive state habeas petition. Accordingly, because state remedies may still be available, Petitioner's claims have not yet ripened into procedural default for which actual innocence could excuse default. See Henderson, 353 F.3d at 891. Consequently, Petitioner's claim of actual innocence does not excuse his failure to exhaust state remedies.

### D. The Mixed Petition Should Be Stayed and Held in Abeyance.

In addition to requiring exhaustion, AEDPA creates a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This limitations period is tolled while a "properly filed application for state post conviction or other collateral review" is pending, but is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S.

13

167, 181-82 (2001). Accordingly, petitioners who come to federal court with mixed petitions run the risk of losing their opportunity for any federal review of their unexhausted claims because a petitioner cannot control when district courts will resolve the exhaustion question rendering numerous petitions time-barred when re-filed in federal court. Rhines, 544 U.S. at 275.

To address these potential time-bar problems, district courts have the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Id. at 275-77. "A district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-78); Isaac v. Augusta SMP Warden, 470 F. App'x 816, 819 (11th Cir. 2012) (recognizing three requirements from Rhines as appropriate for consideration of applicability of stay and abeyance procedure). The Supreme Court has determined that if these conditions are met, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Rhines, 544 U.S. at 277-78.

If the district court determines a stay and abeyance is not appropriate yet "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief,"

14

the Court may sever any unexhausted claims from the petition and proceed with the exhausted claims. Id. at 278. Thus, when a district court is confronted with a mixed petition, the district court must (1) make findings as to whether a stay and abeyance is warranted, and (2) if a stay is unwarranted, offer the petitioner a choice of either dismissing the petition and returning to state court, or amending the habeas petition to present only exhausted claims. Rhines, 544 U.S. at 278; King v. Chase, 384 F. App'x 972, 975 (11th Cir. 2010).

A stay and abeyance is warranted. The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause on May 11, 2015. (Doc. no. 10-4.) Petitioner timely filed his federal § 2254 petition on March 22, 2016.[1] If Petitioner's § 2254 petition is dismissed and he re-files the federal habeas petition subsequent to exhausting his state remedies, he may be barred by the AEDPA limitations period. However, after examining the three factors set forth in Rhines, the Court finds a stay and abeyance is appropriate because Petitioner has demonstrated "good cause" for failing to exhaust the claims in state court, the exhausted claims are "potentially meritorious," and there is no indication Petitioner engaged

---

[1] Petitioner's one-year limitations period to file a federal habeas petition under AEDPA started to run when the Georgia Supreme Court issued the remittitur for the denial of Petitioner's application for a certificate of probable cause. See Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016). Although the date the Georgia Supreme Court issued the remittitur is not known to the Court, the Georgia Supreme Court must transmit a remittitur to the court from which the case was received "as soon as practicable after the expiration of 10 days after the entry of the judgment or upon the denial of a motion for reconsideration." Ga. R. S. Ct. 60. The Court surmises Petitioner had until May or June 2016 within which to file his federal habeas petition.

in intentionally dilatory litigation tactics. 544 U.S. at 277-78.

The Supreme Court and the Eleventh Circuit have not specifically defined what constitutes "good cause" under Rhines. However, courts within the Eleventh Circuit have defined good cause liberally, finding good cause existed where an external "objective factor" not attributable to a petitioner caused his failure to exhaust, and where a *pro se* petitioner had reasonable confusion over the legal nuances of an ineffective assistance of trial counsel claim. See Daly v. Jones, No. 3:15CV189/MCR/EMT, 2016 WL 3247614, at *3 (N.D. Fla. May 12, 2016), report and recommendation adopted, No. 3:15CV189/MCR/EMT, 2016 WL 3248385 (N.D. Fla. June 13, 2016); Cueto v. McNeil, No. 08-22655-CIV, 2010 WL 1258065, at *13 (S.D. Fla. Mar. 12, 2010), report and recommendation adopted, No. 08-22655-CIV, 2010 WL 1258088 (S.D. Fla. Mar. 30, 2010). Another district court within the Eleventh Circuit has concluded a petitioner did not establish "good cause" where he failed to provide any "legitimate reason" for his delay in raising the unexhausted claims. Henry v. McDonough, No. 07-61281-CIV, 2009 WL 762219, at *3 (S.D. Fla. Mar. 19, 2009).

The Court finds good cause for Petitioner's failure to exhaust his ineffective assistance of counsel claims. As detailed *supra*, trial counsel's representation through Petitioner's state habeas petition precluded any ineffective assistance claims until Petitioner retained new counsel on December 2, 2014. New counsel attempted immediately to vacate the state habeas court's final judgment and amend the state habeas petition to assert

ineffective assistance claims. The motion was denied, and the Georgia Supreme Court denied Petitioner's certificate of probable cause to appeal. Given the understandable uncertainty over whether Petitioner could assert his ineffective assistance claims in a successive petition or was procedurally barred from doing so, the Court finds good cause for Petitioner's failure to exhaust his ineffective assistance claims.

Regarding the second factor, Petitioner's unexhausted claims are "potentially meritorious." Rhines, 544 U.S. at 278. In determining whether unexhausted claims are potentially meritorious, a court does not weigh or even consider the evidence in the case and merely accepts a petitioner's allegations as true for purposes of the analysis. Cueto, 2010 WL 1258065 at *13. Accepting Petitioner's allegations as true, it appears Petitioner's ineffective assistance of counsel claims could create a colorable basis for habeas relief, and they are "potentially meritorious" under Rhines. Finally, there is no evidence Petitioner engaged in intentionally dilatory litigation tactics. Accordingly, the Court should stay, rather than dismiss, the § 2254 petition to allow Petitioner to exhaust his unexhausted claims.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS AND RECOMMENDS** the motion to dismiss be **DENIED** (doc. no. 9), and this action be **STAYED AND HELD IN ABEYANCE** while Petitioner exhausts his state remedies. The Court should order Petitioner to commence state proceedings within thirty days of the stay entry, file a notice of

17

compliance concerning commencement within thirty days of the stay entry, and move to lift the stay within thirty days of completing state exhaustion in the event the state courts determine Petitioner is not entitled to relief.

SO REPORTED AND RECOMMENDED this 21st day of November, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA