IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY SCOTT DEAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-036 |
| | ) | |
| TREVONZA BOBBITT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 26.) Petitioner does not offer any new evidence or argument that warrants deviating from the Magistrate Judge's recommendation. Rather, Petitioner's objections are predicated on the incorrect assertion this Court previously determined he was entitled to an evidentiary hearing when previously granting a stay and abeyance. However, as the record reflects, the Court granted a stay and abeyance in the federal proceedings to allow Petitioner an opportunity to comply with the exhaustion requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (See doc. nos. 12, 14.) The Court recognized Petitioner had unexhausted claims for ineffective assistance of counsel and a "colorable argument" for filing a successive state habeas petition. The state courts disagreed.

Nevertheless, a ruling on exhaustion in no way equates to a ruling Petitioner is entitled to a hearing in federal court under the applicable federal standards. As the Magistrate Judge thoroughly explained in the Report and Recommendation currently under consideration, (doc. no. 24), Petitioner does not meet the requirements for holding a federal

hearing, and Petitioner's objections offer nothing showing otherwise. Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254, without an evidentiary hearing.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 26th day of November, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2